## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY<br><br>and<br><br>3M INNOVATIVE PROPERTIES COMPANY,<br><br>              Plaintiffs,<br><br>v.<br><br>VIDENT, INC.,<br><br>              Defendant. | **Civil No.**<br><br>**COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs 3M Innovative Properties Company and 3M Company (collectively, "3M") bring this Complaint to stop and remedy defendant Vident, Inc.'s willful infringement, in this district and elsewhere, of 3M's United States patent rights relating to the coloring of dental ceramic materials.  3M alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

### THE PARTIES

2.     Plaintiff 3M Innovative Properties Company ("3M IPC") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota.

3.     Plaintiff 3M Company ("3M Co") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota.

4.     Defendant Vident, Inc. ("Vident") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 3150 East Birch Street, Brea, California.  On information and belief, Vident is an affiliate of Vita Zahnfabrik H. Rauter Gmbh & Co. Kg ("Vita"), located at Spitalgasse 3, Bad Sackingen, Germany.  Vident offers for sale and sells dental products made by Vita, including ceramic materials used for making dental crowns and bridges, to customers throughout the United States, including customers in this District.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over defendant Vident because, *inter alia*: (1) Vident, on information and belief, does business throughout the United States, including in this judicial district; and (2) under the Minnesota Long Arm Statute, Minn. Stat. § 543.19, Vident, on information and belief, transacts business in Minnesota and/or has committed acts of patent infringement within and/or outside Minnesota that have caused injury in Minnesota.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENT-IN-SUIT

8.      On March 23, 2004, United States Patent No. 6,709,694 ("the '694

patent"), entitled "Coloring Ceramics by way of Ionic or Complex-Containing

Solutions," was duly and legally issued by the United States Patent and Trademark

Office.  3M IPC owns the '694 patent by assignment from 3M ESPE AG, a German

corporation affiliated with 3M Co and 3M IPC.  3M Co is an exclusive licensee of the

'694 patent.  A true and correct copy of the '694 patent is attached as Exhibit A to this

Complaint.

9.      3M manufactures and sells, in this District and throughout the United

States, a CAD/CAM (computer-aided design/computer-aided manufacturing) system,

known as the LAVA® system, for fabricating high-strength ceramic dental crowns and

bridges.  This system involves scanning a physical model of a patient's teeth to create a

digital model, which is used to digitally design a crown or bridge substructure with

software on a computer.  Once the digital substructure is created, the computer sends

instructions to a milling machine, which fabricates a physical crown or bridge

substructure from a ceramic mill blank.  The milled substructure is colored as desired by

the user with a coloring solution, known as the "3M ESPE LAVA® Frame Shade dyeing

liquid," using a process described and claimed in the '694 patent.   The colored

substructure is sintered in a high-temperature furnace and further processed to produce a

final crown or bridge.

10.      3M's LAVA® system has enjoyed substantial commercial success since its

introduction to the market and is used by dental laboratories in this District and

throughout the United States.  The benefits provided by the coloring process described and claimed in the '694 patent have contributed to the success of the LAVA® system and are used by 3M in its marketing activities to distinguish the LAVA® system from competing systems.

## DEFENDANT'S INFRINGING ACTIVITIES

11.     On information and belief, among the dental products made by Vita that defendant Vident offers for sale and sells to customers throughout the United States, including customers in this District, is a line of ceramic mill blanks known as "VITA In-Ceram YZ CUBES for CEREC" ("YZ Cubes").  Defendant Vident markets these YZ Cubes for use in the CEREC inLab® system, a CAD/CAM system for creating ceramic dental restorations, including crowns and bridges, that competes with 3M's LAVA® system.

12.     On information and belief, defendant Vident recently began selling and offering for sale a coloring solution made by Vita.  Vident markets this coloring solution under the name "COLORING LIQUID for VITA In-Ceram YZ Cubes" ("Vita Coloring Liquid").  Vident's product literature indicates that the Vita Coloring Liquid is used for the coloration of substructures, including crown and bridge substructures, made from YZ Cubes.

13.    Use of the Vita Coloring Liquid to color dental ceramic materials as directed by the Working Instructions packaged with the product and as described in defendant Vident's promotional literature practices the coloring method claimed in 3M's '694 patent.

### FIRST CLAIM FOR RELIEF
### VIDENT'S INFRINGEMENT OF THE '694 PATENT

14.    3M realleges and incorporates by reference Paragraphs 1 through 13 of this Complaint.

15.    Defendant Vident has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '694 patent in this District and elsewhere by using, importing, offering for sale and/or selling the Vita Coloring Solution, in violation of 35 U.S.C. § 271.

16.    On information and belief, defendant Vident will continue to infringe, actively induce others to infringe, and/or contribute to the infringement of the '694 patent unless and until it is enjoined by this Court.

17.    On information and belief, defendant Vident's continuing infringement of the '694 patent after notice of this action and/or the '694 patent constitutes willful infringement. By continuing to commit acts of infringement with knowledge of the '694 patent, Vident has failed and/or will fail to meet the required standard of due care to avoid willful infringement of the '694 patent.

18.    Defendant Vident has caused and will continue to cause 3M irreparable injury and damage by directly infringing, actively inducing others to infringe, and/or

contributing to the infringement of the '694 patent.  3M will suffer further irreparable injury, for which 3M has no adequate remedy at law, unless and until Vident is enjoined from infringing the '694 patent.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, 3M respectfully requests this Court:

A.     To enter judgment that defendant Vident has infringed the '694 patent;

B.     To enter orders preliminarily and permanently enjoining defendant Vident, and its officers, agents, servants, and employees, and all persons in active concert or participation with any of them, from infringing the '694 patent;

C.     To award 3M its damages in an amount sufficient to compensate 3M for defendant Vident's infringement of the '694 patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.     To treble the damages awarded to 3M by reason of defendant Vident's willful infringement of the '694 patent after notice of this action and/or the '694 patent;

E.     To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award 3M its attorneys' fees, expenses, and costs incurred in this action; and

F.     To award 3M such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 3M respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:  August 18, 2005

Respectfully submitted,

Kevin H. Rhodes  (Reg. No. 0318115)
Sean J. Edman (Reg No. 0298876)
**3M INNOVATIVE PROPERTIES COMPANY**
3M Center
P.O. Box 33427
Saint Paul, Minnesota 55144
Telephone:  (651) 736-4533
Fax: (651) 737 2948

*Attorneys for Plaintiffs*
*3M Innovative Properties Company*
*3M Company*

## OF COUNSEL:

John C. Adkisson
Ann N. Cathcart Chaplin
**FISH & RICHARDSON P.C., P.A.**
330 Dain Rauscher Plaza, P.A.
Minneapolis, Minnesota 55402
Telephone: (612) 335-5070
Fax: (612) 288-9696



US006709694B1

(12) **United States Patent** (10) Patent No.: **US 6,709,694 B1**

Suttor et al. (45) Date of Patent: **Mar. 23, 2004**

(54) **COLORING CERAMICS BY WAY OF IONIC OR COMPLEX-CONTAINING SOLUTIONS**

(75) Inventors: **Daniel Suttor**, Seefeld (DE); **Holger Hauptmann**, Sindelsdorf (DE); **Robert Schnagl**, Landsberg (DE); **Sybille Frank**, Seefeld (DE)

(73) Assignee: **3M ESPE AG**, Seefeld (DE)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/890,690**

(22) PCT Filed: **Feb. 4, 2000**

(86) PCT No.: **PCT/EP00/00910**

§ 371 (c)(1),
(2), (4) Date: **Sep. 26, 2001**

(87) PCT Pub. No.: **WO00/46168**

PCT Pub. Date: **Aug. 10, 2000**

(30) **Foreign Application Priority Data**

Feb. 4, 1999   (DE) .......................................... 199 04 522

(51) Int. Cl.$^7$ ............................ **B05D 3/02**; A61L 27/00; A61C 13/00

(52) U.S. Cl. ..................... 427/2.26; 427/2.1; 427/2.24; 427/376.3; 427/2.27; 427/2.29; 427/431; 427/443.2; 427/372.2; 427/376.2

(58) **Field of Search** ........................... 427/372.2, 376.2, 427/376.3, 2.1, 2.24, 2.26, 2.27, 2.29, 427, 431, 443.2

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,011,403 A | * | 4/1991 | Sadoun et al. .................. | 433/8 |
| 5,091,033 A | * | 2/1992 | Nakabayashi et al. ...... | 156/316 |
| 5,565,152 A | * | 10/1996 | Od en et al. .............. | 264/162 |
| 5,618,585 A | * | 4/1997 | Hechler et al. ............. | 427/162 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 2 012 304 | 9/1971 |
| DE | A1-3424777 | 1/1985 |
| DE | A1-3435181 | 8/1985 |
| DE | A1-3435182 | 8/1985 |
| DE | C1-4320072 | 5/1994 |
| DE | C1-19619165 | 9/1997 |
| DE | C1-19619168 | 10/1997 |
| DE | A1-19625236 | 1/1998 |
| EP | A1329565 | 8/1989 |
| EP | A1816305 | 1/1998 |
| GB | 421872 | 1/1935 |
| WO | WO 97/49650 A1 | 12/1997 |

OTHER PUBLICATIONS

Industrie Diamanten Rundschau IDR Feb. 1993 "Aluminium und Zirkonoxidkeramik in der Medizin."
Pamphlet relating to the Cerec System—Okonomie durch Technologie.
Pamphlet relating to the Procera system.

* cited by examiner

*Primary Examiner*—Shrive P. Beck
*Assistant Examiner*—Jennifer Kolb Michener
(74) *Attorney, Agent, or Firm*—Birch, Stewart, Kolasch & Birch, LLP

(57) **ABSTRACT**

The invention relates to the coloring of ceramics by means of ionic or complex-containing solutions. Solutions preferred for this contain defined concentrations of at least one of the salts or complexes of the rare earth elements or the elements of the subgroups. The invention also relates to a kit, which comprises at least one stock bottle with such a coloring solution, a receptacle for the coloring as well as optionally a screen.

**14 Claims, No Drawings**

Exhibit A

US 6,709,694 B1

1

## COLORING CERAMICS BY WAY OF IONIC OR COMPLEX-CONTAINING SOLUTIONS

This application is the national phase under 35 U.S.C. §371 of PCT International Application No. PCT/EP00/ 00910 which has an International filing date of Feb. 4, 2000, which designated the United States of America and was not published in English.

### FIELD OF THE INVENTION

The invention relates to the colouring of ceramics by means of ionic or complex-containing solutions. The invention relates in particular to the colouring of dental ceramics based on zirconium oxide by means of solutions of rare earth metals and subgroup elements.

### BACKGROUND OF THE RELATED ART

Ceramics are much valued, because of their physical properties, in the construction of high-quality dentures. Aluminium and zirconium oxide ceramics have long been the materials of choice in the medical field (Reprint from Industrie Diamanten Rundschau, IDR February 1993, "Aluminium- und Zirkonoxidkeramik in der Medizin"). There are a number of publications in the dental field which deal with the use of ceramics for the preparation of prostheses. Various ceramic systems are also already available on the dental market (CEREC, Fa. Siemens; Procera, Fa. Nobel-Biocare).

In the dental field in particular, however, it is not only the mechanical parameters that play a major role, but also specially the aesthetics. Translucence and coloration of the framework or facing ceramics are important, in order to allow the patient to achieve a natural appearance for his dentures.

Dentures are normally prepared from a framework and a facing.

In the case of the systems known up until now, only a superficial individual colouring of the basic framework can be carried out by the dental technician, the aesthetic design possibilities being limited.

In order to achieve a natural appearance of the prosthesis, the tooth colour and the translucence must be simulated over several layers, beginning with the framework.

The natural appearance of a prosthesis is guaranteed by as high as possible a free path length z=x+y+m of the incident light through the layer (x) of the facing ceramic and the layer (m) of the framework ceramic and optionally an intermediate layer (y).

In order to change the basic shade of the framework ceramic, conventional systems must work with colouring intermediate layers, for example opaquer liners, which display no, or greatly reduced, translucence; the free path length of the light decreases by the thickness of the framework ceramic (m) and of the intermediate layer (y) to z=x. A description of this procedure can be found in e.g. the instructions issued by Vita for the use of the Vita-Dur system □ or by DUCERA for the ALL Ceram system.

Such systems use, as intermediate layer, dye pastes or dye suspensions, which are applied to the framework by the dental technician in several procedures and are finally fired in the oven.

This process is not only time-consuming, but also cost-intensive.

### SUMMARY OF THE INVENTION

The object of the invention is thus to provide a system for the colouring of ceramics, in particular ceramic dentures,

2

which guarantees an optimum aesthetic appeal with minimal outlay on labour and with costs reduced to the minimum.

Surprisingly, this object is achieved by a process for the colouring of ceramics in the porous or absorbent state, which is characterized in that the ceramics are translucent and metal ion solutions or metal complex solutions are used for the colouring. Solutions preferred for this contain defined concentrations of at least one of the salts or complexes of the rare earth elements or the elements of the subgroups.

### DETAILED DESCRIPTION

The solutions are preferably water- or alcohol-based. Suitable salts or complexes are preferably those from the group of the rare earths or the 2nd or 8th subgroups, in particular Pr, Er, Fe, Co, Ni, Cu.

Salts or complexes with inorganic opposed ions such as e.g. $Cl^-$, $Br^-$, $J^-$, $SO_4^{2-}$, $SO_3^{2-}$, $NO_2^-$, $NO_3^-$, $ClO_4^-$, $ONC^-$, $SCN^-$, are preferred, which can also mean oxo complexes of acid or basic salts, but not double salts with an element of the 1st or 2nd main groups. Furthermore, salts or complexes with organic ions or ligands are preferred which contain 1 to 30 C atoms and from 1 to 10 heteroatoms, such as O, N, S. In detail, these are alkoxides or salts of organic acids. Preferred here among the alkoxides are the salts of the $C_1$-$C_{10}$-alkanols, in particular the methoxides, ethoxides, n- and i-proproxides and n-, i-, sec. or tert.-butoxides. Among the salts of organic acids, those of mono-, di- and tri-$C_1$-$C_{20}$-carboxylic acids are preferred, in particular formate, acetate, malate, maleate, maleinate, tartate, oxalate. Finally, the ligands are also taken to include complexing agents serving to stabilise the metal salts in their oxidation stage and in solution. These can be organic $C_2$-$C_{20}$ molecules with up to 10 hetero atoms, O, N or S, including in particular EDTA and its salts, NTA, salicylic acid, phenols, 5-sulphosalicylic acid etc.

Aqueous or alcoholic solutions of Pr, Er, Fe, are preferred, for example as chlorides, acetates or alcoholates.

The ions or complexes are preferably used in concentrations of 0.0001 to 15 wt.-%, particularly preferably from 0.001 to 10 wt.-% and quite particularly preferably from 0.01 to 7 wt.-%.

By ceramics and dental ceramics are meant here all high-strength oxides of the elements of the main groups II, III and IV and the subgroups III and IV as well as their mixtures, in particular $Al_2O_3$, $ZrO_2$, both partly and also fully stabilised, MgO, $TiO_2$ and their mixtures. In particular, translucent ceramics are taken to be covered by the term ceramics and dental ceramics.

Furthermore it is surprising that the depth of colour of the colouring is not dependent on the action time of the solution but only on its concentration. This is particularly advantageous, as the dental technician is not tied to action times accurate to within a few seconds, but can perform his work within certain tolerances for as long as is desired with the solutions according to the invention. The action time of the solution can in theory be as long as desired. It depends only on other effects in the solution, for example pH-value changes or the release of ions, which can hinder the colouring process. The result is generally an action time, until the depth of colour of the colouring does not change, of a few hours. The action time is preferably under 2 hours, in particular under 1 hour and particularly preferably under 20 minutes.

Advantageously, the above mentioned intermediate layer (y) can be completely dispensed with thanks to the present invention, as the framework ceramic can already be indi-

US 6,709,694 B1

| 3 | 4 |

vidually coloured by the solutions according to the invention. An additional cost- and time-intensive step of the firing of the intermediate layer is therefore dispensed with. Only the free path length z=x+y+m is available to the incident light, as the path is no longer interrupted by the intermediate light.

The solutions according to the invention can also contain, alongside the salts or complexes of the rare earth elements or the subgroup elements, stabilising agents, such as complexing agents, grinding auxiliaries as well as organic dye stuff pigments to facilitate the matching of the colour by the dental technician.

Complexing agents, such as ethylenediaminetetra acetic acid, are suitable as stabilising agents. Grinding auxiliaries are taken to include for example temporary binders and thixotropy agents, such as polyglycols, polysaccharides, polyethylene glycols, polyvinyl alcohols, hydrogenated castor oils.

Due to the low concentrations of colouring ions or complexes within the solutions according to the invention and the associated poor optical recognizability of the applied shade, organic pigments can also be added to facilitate the matching of colour by the dental technician. These additives are particularly helpful during the application of the solutions to specific areas by means of application instruments. The additives are to be chosen so that they are destroyed without leaving any residue upon the firing of the prosthetic work.

The solutions according to the invention can be applied in the following ways to the pre-sintered or absorbent ceramics:
1. Immersion of the ceramic in solutions of defined concentrations;
2. Deposition of the solutions to the ceramic by means of suitable application instruments, for example, brush, swab;
3. Deposition of the solutions to the ceramic by means of spraying processes.

Wall thicknesses of up to 10 mm, preferably 7 mm, are thoroughly coloured by means of the process according to the invention. In particular in the dental field, dimensions of 10 mm, preferably 7 mm, for the diameter of a workpiece and 7 mm, preferably 5 mm, for the height of a workpiece are possible in the preparation of crowns and bridges. These mm values relate to the thicknesses of the colourable wall thickness of the dental workpieces. Naturally, workpieces outside the limits given here are also contained in the scope of the invention.

The ceramics are preferably completely through-coloured.

The invention also relates to a kit, comprising
(i) at least one stock bottle with a metal ion or metal complex solution for the colouring of the ceramics,
(ii) a receptacle for the colouring, and
(iii) optionally a screen.

The invention is explained in detail in the following by means of examples, without thereby limiting it.

Concentration-dependent Colouring of Zirconium
Oxide Stabilised by 3 mol Yttrium Oxide

For the preparation of the solutions, the corresponding amounts of colour reagent are dissolved in water. Ceramic bodies are steeped in this for 5 minutes and then dried and sintered. The specimens are then ground and polished for the colorimetry. The following parameters form the basis of the colour determination:

Opacity value O: Measure of the transparency (0% is completely transparent, 100% is opaque),
$L^*$-value: Brightness (100: complete reflection; 0; no reflection);
$a^*$-value: Red-green shift (+a: red; −a: green);
$b^*$-value: yellow-blue shift (+b: yellow; −b: blue);

Measuring apparatus: Hunterlab LabScan Spectrocolorimeter; Measurement method: Cielab (colour), opacity according to ASTM D2805/TAPPI T425/TAPPI T519.

To demonstrate the independence of the colour intensity from the action time of the solution, various action times are used with a fixed solvent concentration and the colour determination carried out analogously.

Commercial zirconium dioxide from Tosoh, Japan of the type TZ3YE was used as material.

Colouring With $Fe(III)Cl_3$ Solutions

| Concentration solution [wt. - %] | $L^*$ | $a^*$ | $b^*$ | O |
|---|---|---|---|---|
| 0 | 85.67 | −0.97 | 1.51 | 91.4 |
| 0.1 | 83.93 | −1.67 | 5.15 | 92.36 |
| 0.3 | 79.04 | −1.52 | 22.35 | 95.1 |
| 0.5 | 75.37 | 1.16 | 25 | 95.32 |
| 0.75 | 74.01 | 1.72 | 25.91 | 96.51 |
| 1 | 72.25 | 2.83 | 24.67 | 97.79 |

Colouring With Pr(III) Acetate Solutions

| Concentration solution [wt. - %] | $L^*$ | $A^*$ | $b^*$ | O |
|---|---|---|---|---|
| 0.1 | 81.02 | −3.60 | 24.98 | 89.98 |
| 0.25 | 80.80 | −3.02 | 34.17 | 91.40 |
| 0.75 | 74.85 | 4.77 | 47.31 | 92.11 |

Result: The intensity of the colour can be controlled via the concentration of the solution.

Dependency of Colour Intensity on Action Time
Solution concentration: 0.75 wt.-% Fe (III) Cl solution

| Action time | $L^*$ | $a^*$ | $b^*$ | O |
|---|---|---|---|---|
| 2 minutes | 75.18 | 0.32 | 20.15 | 96.05 |
| 5 minutes | 76.06 | −0.42 | 21.4 | 95.86 |
| 10 minutes | 75.18 | −0.09 | 22.4 | 96.08 |
| 20 minutes | 75.80 | −0.21 | 23.11 | 96.37 |

Result: The action time has no effect on the colour intensity.

What is claimed is:
1. A process for coloring translucent dental ceramics which comprises:
providing a pre-sintered dental ceramic;
applying at least one of a metal ion coloring solution or metal complex coloring solution to the pre-sintered ceramic to form an intermediate product; and
sintering the intermediate product to form a translucent, colored dental ceramic.
2. The process according to claim 1, wherein the solutions contain at least one of the ions or complexes of the rare earth elements or subgroups II and VIII of the Periodic Table and copper.

US 6,709,694 B1

5

**3**. The process according to claim **2**, wherein the ions or complexes are at least one salt or complex selected from the group consisting of chlorides, acetates, alcohols and oxo complexes.

**4**. The process according to claim **1**, wherein the solutions contain at least one of Pr, Er, Fe, Co, Ni or Cu.

**5**. The process according to claim **1**, wherein ceramics based on zirconium oxide or aluminum oxide are used.

**6**. The process according to claim **1**, wherein the ion or complex solutions are water-based or alcohol-based.

**7**. The process according to claim **1**, wherein an action time of the ion or complex solutions is under two hours.

**8**. The process according to claim **7**, wherein the action time is under 1 hour.

**9**. The process according to claim **7**, wherein the action time is under 20 minutes.

6

**10**. The process according to claim **1**, wherein the concentration of the solutions is 0.001 to 15 wt. %.

**11**. The process according to claim **1**, wherein the coloring takes place by immersion of the ceramic in the solutions, deposition of the solutions to the ceramic with the help of application instruments or by spraying of the solutions onto the ceramic.

**12**. The process according to claim **1**, wherein the ceramics to be colored have a diameter of 10 mm and a height of 7 mm.

**13**. The process according to claim **1**, wherein the ceramics are completely through-colored.

**14**. The process according to claim **1**, wherein the ceramics to be colored have a diameter of 7 mm and a height of 5 mm.

* * * * *